OPINION
On September 12, 1995, Appellee Donald Headley was seriously injured in an automobile accident. The accident was the direct and proximate result of the negligence of Sidney Mock. Mock carried liability coverage in the amount of $50,000. The proceeds of Mock's policy and Headley's own underinsured motorist coverage were exhausted. However, appellees' claims have not been fully compensated.
On the date of the accident, Appellee Donald Headley was employed by Clair Hughes Trucking, Inc. Appellee Headley admits that he was not in the scope of his employment, at the time of the accident, nor was he operating a vehicle owned by Clair Hughes Trucking, Inc. Clair Hughes Trucking, Inc. was insured by Appellant Grange Mutual Casualty Company ("Grange"). The Grange policy contained underinsured motorist coverage in the amount of $1,000,000 single limits.
Also on the date of the accident, Appellant Donald Headley was serving as the township clerk for Brush Creek Township, Muskingum County. Appellant was not in the course of his employment, with Brush Creek Township, on the date of the accident, nor was he operating a motor vehicle owned by the township. Brush Creek Township had an insurance policy with Ohio Government Risk Management Plan ("OGRMP"). This policy contained underinsured motorist coverage in the amount of $1,000,000.
Appellees presented underinsured motorist claims to both Grange and OGRMP. Both insurers denied appellees' claims on the basis that appellees were not insured under the respective policies of insurance. On November 12, 1996, appellees filed a declaratory judgment action against the appellants in the Muskingum County Court of Common Pleas. Appellees moved for summary judgment on December 16, 1996. The trial court granted appellees' motion for summary judgment on June 11, 1997, finding that each appellee was an insured under the policies of insurance issued by Grange and OGRMP. The trial court also found that each appellee had a separate claim subject collectively to the limits of the policies issued by appellants.
Appellant Grange timely filed its notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, FINDING THAT PLAINTIFFS WERE EACH AN INSURED UNDER THE POLICY OF INSURANCE ISSUED BY GRANGE MUTUAL CASUALTY COMPANY.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW, FINDING THAT EACH PLAINTIFF HAS A SEPARATE CLAIM SUBJECT COLLECTIVELY TO THE ONE MILLION DOLLAR LIMIT OF THE POLICY ISSUED.
For the reasons stated in Headley v. Ohio Government RiskManagement Plan, et al. (March 20, 1998), Muskingum App. No. CT97-0017, unreported, we hereby reverse the decision of the Muskingum County Court of Common Pleas.
By: Wise, J., Farmer, P. J., concurs.
Gwin, J., dissents.